Mr. Justice James
delivered the opinion of the court.
This case is heard on demurrer to a bill of review. The original suit was for partition and an account of rents. The *94 auditor found that Wise, one of the tenants in common, had occupied a part of the premises to the exclusion of his co-tenants, and charged him for use and occupation at a certain, annual rate; in a separate schedule he allowed interest on these rents with annual rests. Exceptions were taken separately to these charges, and were sustained by the court in Special Term. On appeal to the General Term the decree was reversed as to the exception to the charge for use and occupation, but nothing was said as to the charge for interest. The effect of the decree here was to allow the charge for use and occupation, and, by not reversing as to the other exception, to disallow the charge for interest. When the case was remanded, it was referred to a special auditor, who construed the decree of this court as allowing both charges,, and upon his report decree was made accordingly. The bill of review attacks this decree and claims that both charges-were erroneous.
As this bill was brought in the Special Term, and the decree, so far as it related to the rents, was made there in obedience to the decree of the General Term, the question ¿irises, whether it is subject to review there.
The Supreme Court of the United States has held that-when that court directs, on appeal, what decree shall be made by the Circuit Court, and such a decree is accordingly made there, a bill to review that decree cannot be sustained in the Circuit Court; since the matter to be reviewed was really the action of the Supreme Court. It was contended, however, that this court, whether sitting in General or Special term, is a unit; in other words, it is in both cases known only as the Supreme Court of the District of Columbia, and that the rule just referred to does not apply here. It is not worth while to discuss the question whether the Supreme Court of the District of Columbia may be regarded as consisting of several courts. It is enough that the law has provided a system of appeals from the court as held by one of the judges to the court as held in General Term. The action of the Special Term is subject to be reversed, and to be directed by the General Term on the appeal, and the same- rule must *95 be applied to the powers of the former which is applied' to the powers of a circuit court. Both make their decrees in obedience to a superior decree, and neither can review a decree so far as it is so made.
In the present case the Special Term decreed for a gross sum, but that sum covered both the rents and interest thereon. As to the first of these charges, it acted only to carry out the directions of the General Term, and cannot review the propriety of the action so taken. It was competent, however, to review its own action in allowing interest, since that part of its decree was not authorized or directed by this court, and such a proceeding would not involve a review of the decision of this court.
We observe that this demurrer is to the whole bill. As it is good only as to a part, it must fail altogether; but where a demurrer is too extensive, the court may grant leave to amend by narrowing its terms. The defendant has leave to do so in this case.
The demurrer was amended accordingly, and a decree was rendered for the sum remaining after deducting interest on the rents.